**SO ORDERED.**
**SIGNED this 30th day of September, 2015**

*/s/ Nicholas W. Whittenburg*
**Nicholas W. Whittenburg**
**UNITED STATES BANKRUPTCY JUDGE**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF TENNESSEE

IN RE:                                                                CASE NO. 15-13654 NWW
STACEY DEVOID WILBANKS
VICKIE  WYNN WILBANKS
      Debtor(s)                                                       CHAPTER 13

### ORDER CONFIRMING CHAPTER 13 PLAN

The chapter 13 plan in this case or summary thereof having been transmitted to scheduled creditors, and it having been determined that the plan as finalized complies with 11, U.S.C. §1325 and should be confirmed, the court directs the following:

1. The plan, a copy of which is attached is confirmed.
2. Property of the estate does not vest in the debtor(s) until completion of the plan.
3. Attorney for the debtor(s) is awarded the fee set forth in the plan, to be paid by the chapter 13 trustee through the plan.
4. All pending objections, if any, to confirmation are resolved, withdrawn, or overruled.

###

Approved for Entry By:
/s/ Kara L. West
Kara L. West, Trustee
P.O. Box 511, Chattanooga, TN 37401
(423) 265-2261

## IN THE UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF TENNESSEE
### SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case #: |
| Stacey Wilbanks | ) | Chapter 13 |
| Vickie Wilbanks | ) | |
| Debtor(s) | ) | |

## CHAPTER 13 PLAN

*Dated: August 21, 2015*

**1. Payments and Term.**
The debtor will pay the Chapter 13 Trustee **$300.00 weekly by wage order to Shaw and $180.00 bi-weekly by wage order to Hamilton County Department of Education** and the following additional monies: none

**2. Priority Claims (including administrative expenses).**
(a)All administrative expenses under 11 U.S.C. §§ 503(b) & 1326 will be paid in full, including fees to the debtor's attorney in the amount of $3000.00, less $0.00 previously paid by the Debtor.

(b)Except as provided in paragraph 6 below, claims entitled to priority under 11 U.S.C. § 507 will be paid in full in deferred cash payments, with tax claims paid as priority, secured, or unsecured in accordance the allowed filed claim.

**3. Secured Claims.**
(a)*Cramdowns.* The holders of the following allowed secured claims retain the liens securing such claims and will be paid by the trustee the value of the security in the manner specified below. The portion of any allowed claim that exceeds the value indicated will be treated as an unsecured claim under paragraph 4(a) below.

| *Creditor* | *Collateral* | *Value* | *Monthly Payment* | *Interest Rate* |
|---|---|---|---|---|
| Springleaf | 2006 Honda Civic | In Full | $180.00 | 7.25% |
| Wells Fargo | 2004 Chevy Tahoe | In Full | $120.00 | 7.25% |

(b)*Surrender.* The debtor will surrender the following collateral and, unless otherwise indicated below, the creditor will have an allowed deficiency claim, which will be paid as unsecured under paragraph 4(a) below.

| *Creditor* | *Collateral to Be Surrendered* |
|---|---|
| | |

(c) *Long-Term Mortgages and Mobile Homes (Including doublewides or modular homes).* The holders of the following claims will retain their liens and will be paid monthly maintenance payments, which will extend beyond the life of the plan. Any arrearage amount set forth below is an estimate; arrearage claims will be paid in full in the amount in the filed claim, absent an objection. The amount of any maintenance payment to be paid pursuant to 11 U.S.C.§1322(b)(5) is fixed herein for the term of the plan (subject to adjustments for escrows) and is binding upon all parties. The secured creditor must advise of the need for monthly change promptly. The creditor requesting an increase in monthly maintenance payment shall not include any amounts that should be part of an arrearage claim as part of the proposed maintenance payment. Pursuant to 11 U.S.C§1322(b)(3) and (10) all maintenance payment shall be deemed current upon conclusion of the case or discharge, and all post-petition defaults are waived. No late charges shall accrue

on any secured claim which is maintained in this plan or during this case pursuant to §1322(b)(5). Pursuant to 11 U.S.C.§1322(b)(3) any secured creditor that fails to file a claim waives any default or charges resulting from non-payment. The first scheduled maintenance payment will be credited to first full calendar month after the month of filing of this case and all arrearages should be calculated to allow for such payment schedule.

| Creditor/Servicer | Estimated Arrearage | Arrearage Monthly Payment | Maintenance Payment | Payment By: (Trustee or Debtor) |
|---|---|---|---|---|
| Bayview | $2,410.00 | $50.00 | $802.00 | Trustee |
| Chase Mortgage | $700.00 | ~~$220.20~~ $25.00 | ~~$25.00~~ $228.28 | Trustee |

(d) *De Novo Review.* Notwithstanding any provision of this plan, the secured status and classification of any purported secured claim are subject to *de novo* review on the request of the Chapter 13 Trustee made within 90 days following the filing of the claim or the expiration of the deadline for filing proofs of claim, whichever comes later.

**4. Unsecured Claims.**
(a) *Nonpriority.* Except as provided in subparagraph (b) and in paragraph 6 below, allowed nonpriority unsecured claims will be paid: **60 month remainder plan**

**70% or 60 months, whichever is greater**

**5. Executory Contracts and Unexpired Leases.** Except the following which are assumed, all executory contracts and unexpired leases are rejected, with any claim arising from the rejection to be paid as unsecured as provided in paragraph 4(a) above:

| Other Party to Contract | Property Description | Treatment |

**6. Special Provisions.** (Such as cosigned debts, debts paid by third party, student loans, and special priority debts).

**7. Liens to be avoided under §§ 506 or 522 (f).** Confirmation of this plan shall constitute an order avoiding the liens of the following creditors:
   **Springleaf**
   **World Finance**

**8. Property of the Estate.** All property of the Debtor(s) is included as property of the estate and shall remain so until discharge unless otherwise ordered by the Court.

**LAW OFFICE OF W. THOMAS BIBLE, JR.**

BY: /s/ W. Thomas Bible, Jr.
    W. Thomas Bible, Jr., BPR 014754
    6918 Shallowford Road, Suite 100
    Chattanooga, TN 37421
    (423) 424-3116; (423)499-6311(fax)
    tom@tombiblelaw.com or melinda@tombiblelaw.com
    Attorney for Debtor
